**L. W. ANDERSON, Appellant,**

v.

**Donna McDONALD, Appellee.**

**No. 11945.**

Court of Civil Appeals of Texas, Austin.

Oct. 18, 1972.

L. W. Anderson, Dallas, for appellant.

Flahive & Ogden, T. P. Flahive and H. S. Harris, III, Austin, for appellee.

O'QUINN, Justice.

Appellant brought this lawsuit to recover property damages resulting from an automobile collision on Interstate Highway 35 in Temple, Texas, in September 1968.

The jury found, in trial held in Travis County in December, 1971, that the market value of appellant's automobile was $305.25 less after the accident than its market value immediately before the collision.

The evidence shows that appellant's vehicle struck the rear of appellee's automobile on a wet roadway after appellee brought her car to a stop at the scene of a one-car accident that occurred shortly before the collision involved in this case.

Upon the jury's answers to nineteen special issues, absolving the appellee of negligence and finding negligence and proximate cause issues against appellant, the trial court entered judgment that appellant take nothing.

Appellant has appealed and brings fourteen points of error. We will overrule all points of error and affirm the judgment of the trial court.

Prior to the accident, appellant, L. W. Anderson, and appellee, Donna McDonald, were traveling south on Interstate Highway 35 through Temple, with the McDonald vehicle about 150 feet ahead of Anderson's car, and both automobiles maintaining a speed of 25 to 35 miles an hour. A short distance north from the scene of the accident the roadway descends, from an overpass crossing the Sante Fe Railroad tracks, and curves to the left for southbound traffic as the highway descends.

A few minutes before the collision between the Anderson and McDonald vehicles another automobile went out of control, struck the highway guard rail on the right side of the southbound lanes, and came to rest against the rail. Another traveler, Walter Taggart, arrived at the scene prior to the second collision, and was warning traffic approaching over the rise in the highway when the McDonald and Anderson vehicles came upon the scene. The lane nearest the rail was closed as a result of the first accident, and only one lane, next to the center of the highway, was open to southbound traffic.

Donna McDonald reduced the speed of her vehicle as she approached the scene of the accident and passed the wrecked automobile, using the inside lane. Rain was falling and the highway was wet. Before Anderson could bring his vehicle to a stop, his vehicle skidded into and collided with the right rear of the McDonald automobile. The left front of appellant's automobile was damaged.

At the outset on appeal Anderson complains that Donna McDonald's mother, who was a passenger with appellee, was permitted by the trial court to testify that immediately after the accident Anderson "made a mouth," and that although the witness did not hear what appellant said, she testified that the "mouth motions that I understood" were "Why don't you get that damned heap out of the road!" The witness was not qualified as an expert in reading lips, and no other witness testified that Anderson made the statement.

This testimony no doubt would have been excluded by the trial court if clear and timely objection had been made. The record shows that no objection was made by appellant, although appellant avers that later in a motion for mistrial he gave as grounds the inadmissible testimony of the witness.

■ Although the trial judge may rule on admissibility of evidence on his own motion, the initiative in excluding improper evidence rests with the party against whom the evidence is sought to be used. McCormick and Ray, Texas Law of

Evidence, sec. 22; Schafer v. Stevens, 352 S.W.2d 471, 482 (Tex.Civ.App. Dallas 1961, no writ); Eubanks v. Winn, 469 S. W.2d 292, 296 (Tex.Civ.App. Houston 1st 1971, writ ref. n. r. e.). Appellant's objection has been waived, and we overrule the point of error under which the matter is presented on appeal.

Appellant also contends the trial court erred in permitting the police officer who investigated the accident to testify that appellee's path was blocked, necessitating her sudden stop, and as to other matters related to the accident and the factors that caused it. The officer did not witness the accident and arrived at the scene after the cars had been removed. He was permitted, however, to testify by deposition that appellee's path was blocked, necessitating her sudden stop, and to offer other testimony as to stopping distances and ability of a driver to stop a vehicle within such distances. Timely objection was made to the testimony of the officer, the objection being in essence that the witness was merely drawing conclusions and making guesses without being properly qualified as an expert.

■ The police officer testified that he had been an officer nearly four years during which time he had investigated many accidents; that he had attended various training schools for teaching officers the skills employed in making investigations of accidents; that he had been over the section of the highway many times where the accident occurred; that he had been over the highway in the same weather conditions existing at the time of the accident; and that his response to the hypothetical questions was in the light of his training and experience. We do not find that the trial court abused its discretion in considering the witness qualified as an expert and in permitting the officer to testify in response to the hypothetical questions propounded.

■■ The officer's testimony that appellee's path was blocked, requiring her to bring her vehicle to a stop, was hearsay and therefore no evidence. But Taggart, a disinterested witness, testified that he was "flagging" vehicles and was trying to get appellee to slow down and that the outside lane was completely blocked by the vehicle from the prior accident, extending into the highway about 18 feet. Appellee's mother testified that Taggart was standing on the highway in front of their automobile and that she warned her daughter not to hit the man. Allowing the officer to offer his hearsay version of why appellee slowed down or stopped does not constitute error justifying reversal since there was ample other evidence to support the jury's findings without the officer's testimony.

■ We have carefully examined all of appellant's remaining points of error, numbered 3 through 14, and find them without merit. In substance these points of error are that there was no evidence and insufficient evidence to support the findings of the jury which had the effect of acquitting Donna McDonald of negligence as to keeping a proper lookout, in suddenly slowing or stopping her vehicle, and in stopping on the paved part of highway instead of the shoulder.

We find sufficient evidence in the record to support the findings of the jury in response to the issues submitted by the trial court and here challenged by appellant. Appellant's points are overruled.

Appellee brings two cross assignments of error. Under the first point appellee complains because the trial court did not grant appellee an instructed verdict. Under her second point appellee contends the trial court should not have submitted special issues 18 and 19 as to the market value of appellant's vehicle before and after the accident. In view of our disposition of the cause, by which we affirm the judgment of the trial court, we find it unnecessary to review appellee's cross assignments.

The judgment of the trial is in all things affirmed.

Affirmed.